# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JEROME ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:08CV246 |
| | ) | |
| A. K. PRUITT, Captain of Person County Jail, and SUSAN HORAN, Nurse, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Jerome Anderson, a prisoner of the State of North Carolina, brought this action pursuant to 42 U.S.C. § 1983 against Defendants Captain A.K. Pruitt and Nurse Susan Horan, alleging that they were deliberately indifferent to his serious medical needs while he was a pretrial detainee at the Person County Jail in August 2006. Plaintiff proceeds *pro se* and was granted permission to proceed *in forma pauperis*. In response to the complaint, Defendant Pruitt has filed a motion to dismiss (Docket No. 13) on the ground that Plaintiff Anderson failed to exhaust administrative remedies before he filed this action. Defendant Horan has not been served with process. Plaintiff has responded in opposition to the motion to dismiss, and the motion is ready for a ruling.

In his complaint, Plaintiff Anderson alleges that he was booked into the Person County Jail on August 21, 2006. The next morning, on the order of Captain Pruitt, he was

placed on suicide watch. Plaintiff told Defendant Pruitt that he was on medication for schizophrenia, and Defendant Pruitt told Anderson that he could call home and tell family members to bring his medicine. Plaintiff apparently did so, but by August 23, family members had not brought his medication. Plaintiff says that he continued to complain about his lack of medication to both Captain Pruitt and Nurse Horan, but he never received his medication. On August 27, Plaintiff attempted suicide but was "cut down from a serious suicide attempt." Plaintiff alleges that Defendants were deliberately indifferent to his serious medical needs, leading to his suicide attempt. Plaintiff requests damages from each Defendant. (Docket No. 2, Complaint ("Compl.") at 3.)

On his section 1983 form complaint, Plaintiff was asked, "Did you present the facts of each claim relating to your complaint to the Inmate Grievance Commission or any other available administrative remedy procedure?" Plaintiff answered, "No." He explained that, "This cause of action arosed [sic] at Person County Jail, in Roxboro, N.C., and I am now being housed at U.S.P. Big Sandy, Inez, Ky. and therefore do not have an administrative remedies [sic]." (*Id*. at 2.)

Defendant Pruitt has moved to dismiss Plaintiff's complaint without prejudice for Plaintiff's failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a). That provision reads, in part:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail,

> prison, or other correctional facility until such administrative remedies as are available are exhausted.

It is well settled that exhaustion of administrative remedies by a prisoner is a mandatory requirement under 42 U.S.C. § 1997e(a). The requirement applies to all inmate suits about prison life. *See generally Porter v. Nussle,* 534 U.S. 516 (2002); *Woodford v. Ngo*, 548 U.S. 81 (2006). The court must act as a fact finder in determining whether Plaintiff has exhausted the administrative remedies that were available to him. *Bryant v. Rich*, 530 F.3d 1368, 1373-74 (11th Cir.), *cert. denied*, ___U.S. ___, 2008 WL 4522477, 77 U.S.L.W. 3344 (U.S. Dec. 8, 2008).

It is uncontested in this action that Plaintiff Anderson has not exhausted administrative remedies. He admits in his original complaint that he has not done so. His explanation for not doing so is that he has been moved to another facility since the time of the incident of which he complains. Nonetheless, it is clear that he has had opportunities to avail himself of administrative remedies, and he makes no showing that he has no opportunity even at this time to present a grievance to the Person County Jail. The United States Supreme Court has emphasized that the courts will "not read futility or other exceptions into statutory exhaustion requirements [found in 42 U.S.C. § 1997e] where Congress has provided otherwise." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001)(citations omitted). This court is not free to create an exception to the administrative exhaustion requirement of 42 U.S.C. § 1997e on any ground argued for by Plaintiff Anderson.

Accordingly, Defendant Pruitt's motion to dismiss should be granted without prejudice. Further, this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2) as to Nurse Horan, who has not been served with process, since Plaintiff's failure to exhaust administrative remedies causes his claim to fail at this time as to her, as well.

## Conclusion

For reasons set forth above, **IT IS RECOMMENDED** that Defendant Pruitt's motion to dismiss (Docket No. 13) be granted, and that this action be dismissed in its entirety, without prejudice.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: January 29, 2009